# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RONALD PARKER,

    Petitioner,

    -vs-

WARDEN, Ross Correctional
  Institution,

    Respondent.

Case No. 3:08-cv-322

District Judge Walter Herbert Rice
Chief Magistrate Judge Michael R. Merz

## REPORT AND RECOMMENDATIONS

This habeas corpus action is before the Court upon filing for initial review under Rule 4 of the Rules Governing § 2254 cases. Petitioner Ronald Parker was convicted in the Montgomery County Common Pleas Court after a bench trial of one count of felonious assault and one count of kidnaping. He was sentenced to a seven-year term of incarceration on each count and the trial judge ordered that those sentences be served consecutively.

Petitioner pleads one ground for relief:

> **Ground One:** Petitioner was subject to a sentence enhanced contrary to the Sixth and Fourteenth Amendments and in violation against the prohibition on Ex Post Facto laws.
>
> **Supporting Facts:**
> 1. Petitioner committed his crime prior to *State v. Foster.*
> 2. At the time of the crime, concurrent sentences were presumptive.
> 3. Petitioner was sentenced under a law that was changed after commission of the crime.

(Petition, Doc. No. 2, at 5.)

The offenses in question occurred December 20, 2005 (*State v. Parker*, Montgomery County Court of Appeals slip opinion at 3; copy attached to Petition). Petitioner waived his right to trial by jury on March 3, 2006. He was thereafter tried, convicted, and sentenced as noted above.

On February 27, 2006, between the date of the offense and the date of sentencing, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006). In that case, the court decided that Ohio's sentencing scheme – which required specific findings by the trial judge to justify consecutive sentences – was unconstitutional under *Blakely v. Washington*, 542 U.S. 296, 124 S.Ct. 2531, 159 L. Ed. 2d 403 (2004). In that case, the Supreme Court decided that any fact which increases the sentence beyond a legislatively-mandated guideline, even if within a statutory maximum for the offense, must be pled as an element in the indictment and proved to the jury beyond a reasonable doubt. However, the Ohio Supreme Court did not invalidate all sentences which had been enhanced by such findings. Instead, it severed from the statute those sections which required judicial findings of fact and left trial judges with discretion to sentence within the statutory ranges provided without making any findings of fact beyond those found by the jury.

*Foster* had already been decided when Petitioner was sentenced, so that Judge Kessler did not make the findings which were previously required by Ohio Revised Code § 2929.14(B) or 2929.14(E) when sentencing Petitioner. Instead, he gave a brief explanation of why he had exercised his discretion in sentencing Petitioner as he had.

Petitioner contends that the severance remedy in *Foster* – as applied to cases such as his which became final after *Blakely* – is unconstitutional under the Ex Post Facto Clause of the United States Constitution as applied to state judicial decisionmaking under the Due Process Clause of the Fourteenth Amendment.

Petitioner relies on *Rogers v. Tennessee*, 532 U.S. 451, 121 S. Ct. 1693, 149 L. Ed. 2d 697 2001).  In that case the Tennessee Supreme Court, as an act of common-law lawmaking, (1) abolished the common-law rule that the death of an assault victim within a year and a day after the assault is a prerequisite to a homicide prosecution and (2) applied the abolition to uphold the murder conviction in that case where death occurred fifteen months after the assault.  The United States Supreme Court upheld the conviction, holding that the retroactive abolition of the year-and-a-day rule did not violate Rogers' due process rights.  The Court distinguished its prior decision in *Bouie v. City of Columbia*, 378 U.S. 347, 84 S. Ct. 1697, 12 L. Ed. 2d 894 (1964), and held that the Due Process Clause does not incorporate as to state judicial decisionmaking all the restrictions imposed on state legislatures by the *Ex Post Facto* Clause.  In *Bouie*, the Court had struck down as unconstitutional a new judicial construction of a trespass statute which applied it to persons who failed to leave a store after notice, as opposed to the prior construction, in which it applied only to those who received notice prior to entry.[1]

In *Rogers*, the Court described the situations to which it had applied *Bouie*:

> Those decisions instead have uniformly viewed *Bouie* as restricted to its traditional due process roots. In doing so, they have applied *Bouie's* check on retroactive judicial decisionmaking not by reference to the *ex post facto* categories set out in *Calder [v. Bull,* 3 Dall. 386, 1 L. Ed. 648 (1798)], but, rather, in accordance with the more basic and general principle of fair warning that *Bouie* so clearly articulated. See, e.g., *United States v. Lanier*, 520 U.S. 259, 266, 137 L. Ed. 2d 432, 117 S. Ct. 1219 (1997) ("Due process bars courts from applying a novel construction of a criminal statute to conduct that neither the statute nor any prior judicial decision has fairly disclosed to be within its scope"); *Marks v. United States*, 430 U.S. at 191-192 (Due process protects against judicial infringement of the "right to fair warning"

---

[1] *Bouie* is a civil rights case.  It arose from a "sit-in" protesting racial segregation of an Eckerd's drug store lunch counter in Columbia, South Carolina, in March, 1960.

> that certain conduct will give rise to criminal penalties); *Rose v. Locke*, 423 U.S. 48, 53, 46 L. Ed. 2d 185, 96 S. Ct. 243 (1975) (per curiam) (upholding defendant's conviction under statute prohibiting "crimes against nature" because, unlike in *Bouie*, the defendant "[could] make no claim that [the statute] afforded no notice that his conduct might be within its scope"); *Douglas v. Buder*, 412 U.S. 430, 432, 37 L. Ed. 2d 52, 93 S. Ct. 2199 (1973) (per curiam) (trial court's construction of the term "arrest" as including a traffic citation, and application of that construction to defendant to revoke his probation, was unforeseeable and thus violated due process); *Rabe v. Washington*, 405 U.S. 313, 316, 31 L. Ed. 2d 258, 92 S. Ct. 993 (1972) (per curiam) (reversing conviction under state obscenity law because it did "not give fair notice" that the location of the allegedly obscene exhibition was a vital element of the offense).

532 U.S. at 460.

*Rogers* is not particularly favorable to Petitioner's claim. Certainly Petitioner here cannot cogently claim that *Foster* made conduct criminal on his part which was not punishable before *Foster* was decided: Petitioner had fair notice that beating someone nearly to death and keeping the locked in a closet for hours was criminally punishable under Ohio law. He cannot with a straight face assert the relied on the state of Ohio law on December 20, 2005, when he committed these crimes. *Blakely* had already been handed down in June, 2004, so that it was expectable that the Ohio Supreme Court would eventually declare Ohio Revised Code § 2929.14 unconstitutional in the form in which it was enacted. Indeed, a *Foster*-like severance remedy had already been chosen by the United States Supreme Court in *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), to save the United States Sentencing Guidelines.

This Court concludes that Petitioner's present sentence is not unconstitutional because the *Foster* remedy does not violate the Due Process Clause of the Fourteenth Amendment. First of all, the *Ex Post Facto* Clause is not directly applicable to retroactive court decisions, as the Supreme

Court decided in *Rogers*. Rather, the *Foster* severance remedy must be examined under the less stringent due process standards enunciated in *Rogers* and some of the *Bouie* progeny. *Foster* did not criminalize previously guiltless conduct as the South Carolina Supreme Court had done in *Bouie*; Petitioner knew when he acted that what he did was a violation of Ohio criminal law. Indeed, Petitioner does not have as strong a due process case as the Petitioner in *Rogers* because *Foster* did not abolish any common-law defense on which he otherwise could have relied. Indeed, that the Ohio Supreme Court would find Senate Bill 2 unconstitutional on the basis of *Blakely* and then apply a severance remedy similar to what the United States Supreme Court did in *Booker*, seems eminently foreseeable, especially since *Foster* was decided shortly after *Booker*. *Miller* is no help to Petitioner because it involves a statutory change subject to the more stringent requirements of the *Ex Post Facto* Clause itself.

Petitioner certainly has no valid claim under *Blakely* of a violation of his Sixth Amendment rights since he waived a trial by jury and chose to be tried by a judge alone. *Blakely* does not mandate jury findings when a jury has been validly waived.

## Conclusion

Because Petitioner's claim is without merit, his Petition should be dismissed with prejudice.

Reasonable jurists would not disagree with this conclusion and Petitioner should therefore also be denied a certificate of appealability and any request to appeal *in forma pauperis*.

September 15, 2008.

s/ **Michael R. Merz**
Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).